| | | |
|---|---|---|
| BEVIN NEWLIN AND STACEY LOEHRS, AS CO-ADMINISTRATORS OF THE ESTATE OF PATRICIA O'DONNELL, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | No. 259 EDA 2024 |
| | : | |
| VITA HEALTHCARE GROUP, BRINTON MANOR CENTER SNF, LLC F/D/B/A BRINTON MANOR NURSING AND REHABILITATION CENTER, LIGHTNING HEALTH HOLDCO, LLC, IMPERIAL HEALTHCARE GROUP, LLC, BM REHAB AND NURSING CENTER, LLC D/B/A BRINTON MANOR NURSING AND REHABILITATION CENTER, BH OPCO HOLDCO, LLC, IMPERIAL HEALTHCARE SERVICES, LLC, AND CHAIM STEG | : | |

Appeal from the Judgment Entered June 7, 2024
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2020-008216

| | | |
|---|---|---|
| BEVIN NEWLIN AND STACEY LOEHRS, AS CO-ADMINISTRATORS OF THE ESTATE OF PATRICIA O'DONNELL, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | No. 260 EDA 2024 |
| VITA HEALTHCARE GROUP, BRINTON MANOR CENTER SNF, LLC F/D/B/A BRINTON MANOR NURSING AND REHABILITATION CENTER, LIGHTNING HEALTH HOLDCO, LLC, IMPERIAL HEALTHCARE GROUP, LLC, BM REHAB AND NURSING CENTER, LLC D/B/A | : | |

BRINTON MANOR NURSING AND          :
REHABILITATION CENTER, BH OPCO     :
HOLDCO, LLC, IMPERIAL HEALTHCARE   :
SERVICES, LLC, AND CHAIM STEG      :
                                   :
                                   :
                                   :
APPEAL OF: BM REHAB AND NURSING    :
CENTER, LLC D/B/A BRINTON MANOR    :
NURSING AND REHAB CENTER           :

Appeal from the Judgment Entered June 7, 2024
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2020-008216

BEVIN NEWLIN AND STACEY LOEHRS,    :  IN THE SUPERIOR COURT OF
AS CO-ADMINISTRATORS OF THE        :        PENNSYLVANIA
ESTATE OF PATRICIA O'DONNELL,      :
DECEASED                           :
                                   :
                                   :
                                   :
          v.                       :
                                   :
                                   :  No. 284 EDA 2024
VITA HEALTHCARE GROUP, BRINTON     :
MANOR CENTER SNF, LLC F/D/B/A      :
BRINTON MANOR NURSING AND          :
REHABILITATION CENTER, IMPERIAL    :
HEALTHCARE GROUP, LLC, IMPERIAL    :
HEALTHCARE SERVICES, LLC, BM       :
REHAB AND NURSING CENTER, LLC      :
D/B/A BRINTON MANOR NURSING AND    :
REHABILITATION CENTER, LIGHTNING   :
HEALTH HOLDCO, LLC, BH OPCO        :
HOLDCO AND CHAIM STEG              :
                                   :
                                   :
APPEAL OF: BRINTON MANOR CENTER    :
SNF, LLC F/D/B/A BRINTON MANOR     :
NURSING AND REHABILITATION         :
CENTER                             :

Appeal from the Judgment Entered June 7, 2024
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2020-008216

- 2 -

| | | |
|---|---|---|
| BEVIN NEWLIN AND STACEY LOEHRS, AS CO-ADMINISTRATORS OF THE ESTATE OF PATRICIA O'DONNELL, DECEASED | : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| | : | No. 654 EDA 2024 |
| VITA HEALTHCARE GROUP, BRINTON MANOR CENTER SNF, LLC F/D/B/A BRINTON MANOR NURSING AND REHABILITATION CENTER, IMPERIAL HEALTHCARE GROUP, LLC, IMPERIAL HEALTHCARE SERVICES, LLC, BM REHAB AND NURSING CENTER, LLC D/B/A BRINTON MANOR NURSING AND REHABILITATION CENTER, LIGHTNING HEALTH HOLDCO, LLC, BH OPCO HOLDCO AND CHAIM STEG | : : : : : : : : : : : : : : | |
| APPEAL OF: BRINTON MANOR CENTER SNF, LLC F/D/B/A BRINTON MANOR NURSING AND REHABILITATION CENTER | : : : : : | |

Appeal from the Judgment Entered June 7, 2024
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2020-008216

| | | |
|---|---|---|
| BEVIN NEWLIN AND STACEY LOEHRS, AS CO-ADMINISTRATORS OF THE ESTATE OF PATRICIA O'DONNELL, DECEASED | : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| | : | No. 660 EDA 2024 |
| VITA HEALTHCARE GROUP, BRINTON MANOR CENTER SNF, LLC F/D/B/A BRINTON MANOR NURSING AND REHABILITATION CENTER, IMPERIAL HEALTHCARE GROUP, LLC, IMPERIAL | : : : : : : | |

- 3 -

HEALTHCARE SERVICES, LLC, BM     :
REHAB AND NURSING CENTER, LLC    :
D/B/A BRINTON MANOR NURSING AND  :
REHABILITATION CENTER, LIGHTNING :
HEALTH HOLDCO, LLC, BH OPCO      :
HOLDCO AND CHAIM STEG            :
                                 :
                                 :
APPEAL OF: BRINTON MANOR CENTER  :
SNF, LLC F/D/B/A BRINTON MANOR   :
NURSING AND REHABILITATION       :
CENTER                           :

Appeal from the Judgment Entered June 7, 2024
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2020-008216

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

CONCURRING/DISSENTING OPINION BY McLAUGHLIN, J.:

**FILED AUGUST 4, 2026**

I must respectfully dissent from the majority's conclusion that the trial court properly granted JNOV in favor of the Management Company Defendants.

According to the majority, JNOV was proper because the ***Scampone*** line of cases precluded the Estate as a matter of law from establishing corporate liability against the Management Company Defendants. The majority opines that since the Estate only pursued a claim of corporate liability against the Management Company Defendants, and not a claim of vicarious liability, the Management Company Defendants, as a matter of law, could not owe a duty to the Decedent under a corporate liability theory absent a contractual relationship with the Decedent. Majority Opinion at 22-23. It

concludes, "[A]s a matter of law, when it is only the operator of a nursing home that has the contractual relationship with the plaintiff, only the operator of the nursing home can be held liable under a theory of corporate liability, even if the operator delegates the performance of its **Thompson** [**v. Nason Hosp.**, 591 A.2d 703 (Pa. 1991)] duties to a management company." **Id.** at 20. I respectfully disagree with the majority's conclusion and its interpretation of the **Scampone** cases.

In **Scampone v. Grane Healthcare Co.**, 57 A.3d 582, 584 (Pa. 2012) (**Scampone II**), the plaintiff sued Highland, the operator of a nursing home facility, and Grane, the management company that Highland contracted with, on theories of both corporate negligence and vicarious liability. The jury found that Highland was subject to liability for corporate negligence and vicarious liability. The trial court granted Grane's motion for nonsuit. The Pennsylvania Supreme Court held that nursing homes and affiliated entities "are subject to potential direct liability for negligence, where the requisite resident-entity relationship exists to establish that the entity owes the resident a duty of care[.]" **Scampone II**, 57 A.3d at 584.

On remand, the trial court reaffirmed the nonsuit. On a second appeal, this Court found that nonsuit was not proper. We observed that Grane owed a duty to the decedent under the Restatement (Second) of Torts §§ 323 and 324A because Grane "contractually undertook to render services to residents of Highland's nursing home by managing the care provided to them and by overseeing the operations of the facility[.]" **Scampone v. Grane Healthcare**

*Co.*, 169 A.3d 600, 619 (Pa.Super. 2017) (*Scampone III*). We found that "Grane should have recognized those services were necessary for the protection of those elderly and infirm residents," and, therefore, Grane was "subject to liability for any physical harm resulting from its failure to exercise reasonable care in the performance of this undertaking." *Id.* We further determined:

> Grane agreed to manage medical and patient care services rendered to the residents of a nursing home, which it should have recognized as necessary for their protection. If a jury finds, based upon the evidence of negligence and causation presented, that Grane failed to exercise reasonable care in this undertaking and its failure to ensure proper patient care increased the risk of harm caused to [the decedent] or that it undertook to perform a duty owed by Highland to [the decedent], then the [p]laintiff can recover, and entry of a nonsuit was improper.

> The trial court indicated that liability did not attach under § 324A of the Restatement (Second) of Torts since Grane had exercised reasonable care in its original undertaking, which was to provide management services to Highland, "not the care and treatment of Ms. Scampone." First, whether Grane exercised reasonable care in managing the facility was a question for the jury to determine. There was sufficient proof that Grane did not manage the facility in a reasonable manner as the [p]laintiff adduced proof that the nurse consultants were told that there was insufficient staff to properly care for the nursing home residents. Yet, according to the [p]laintiff's evidence, nothing about the staffing was done by Grane, which was charged with oversight and management of patient care. Secondly, **it is irrelevant whether Grane contracted to care for and treat [the decedent]. The proper inquiry is whether Grane should have recognized that its contractual undertaking to manage and oversee the care and treatment of [the decedent] was necessary for her protection.**

*Id.* (citation omitted, emphasis added).

This Court went on to address whether the plaintiff could recover from Grane in light of its verdict against Highland. We determined that because Highland was found liable for corporate negligence, Grane could not also be held liable for a claim of corporate negligence. We explained that while "both entities cannot have direct corporate liability for performance of the same non-delegable duty imposed by *Thompson*, resolution of that singular question did not impact on the question of whether Grane was subject to vicarious liability[.]" *Id.* at 622. In other words, Grane could be vicariously liable based on the acts and omissions of its employees in overseeing Highland staff and failing to ensure that the facility's patients received appropriate care. *Id.* We explained:

> The *Scampone II* opinion plainly outlined that **direct corporate liability and vicarious liability are distinct bases for recovering against a corporate defendant and that liability for one did not obviate liability for the other.** Indeed, direct corporate liability was designed to expand a plaintiff's ability to recover against a corporation and does not supplant vicarious liability imposed on a corporation for the acts and omissions of its employees. Thus, the fact that Highland had a non-delegable duty under *Thompson* in direct corporate liability to render appropriate care toward [the decedent] did not mandate the automatic dismissal of Grane as a defendant herein.

*Id.* at 621 (emphasis added).

In my view, the *Scampone* cases did not make a bright-line rule, as the majority suggests, that only the operators of nursing homes can be liable for corporate negligence due to their contractual relationship with the

decedent. Indeed, we explicitly stated in **Scampone III** that it is irrelevant whether the management company contracted to care for and treat the patient, and we found that the management company owed a duty of care toward the patient. **Id.** at 619. I believe the **Scampone** cases allow the operating companies and management companies to be held liable on various theories of negligence, including corporate negligence. Furthermore, unlike Highland in **Scampone**, the Operating Company Defendants herein were not found liable for corporate negligence. Thus, we are not faced with the impermissible situation where both the operating company and management company have direct corporate liability for performance of the same non-delegable duties.

At trial, the Estate presented evidence of how, in addition to the Operating Company Defendants, the Management Company Defendants were negligent in their own right under a theory of corporate negligence, and the jury agreed. Accordingly, I believe it was improper for the trial court to have granted JNOV in favor of the Management Company Defendants.

I agree with the majority's other conclusions.[1] Therefore, and despite my great respect for the majority, I concur in part and dissent in part.

---

[1] I have no objection to the majority's suggestion that the Supreme Court "provide updated guidance to the bench and bar regarding the application of the principles of corporate liability to nursing home management companies." Majority Opinion at 39 n.19.